UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-119-F

| | |
|---|---|
| GREGORY WARD, REGINA WARD, </br></br>Plaintiffs, </br></br>v. </br></br>SECURITY ATLANTIC MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. BANK OF AMERICA (BAC) HOME LOANS SERVICING, LP. </br></br>Defendants. | ORDER |

This matter is before the court on the Motion to Dismiss filed by Defendants BAC Home Loans Servicing, LP ("BAC")[1] and Mortgage Electronic Registrations Systems, Inc. ("MERS") pursuant to Rule 12(b)(6). The *pro se* Plaintiffs have responded, and this motion is ripe for ruling.

## I. BACKGROUND

Plaintiffs filed this action in this court on March 23, 2010. Plaintiffs allege that on September 11, 2007, they obtained a refinancing mortgage loan from Security Atlantic Mortgage. Plaintiffs allege "[a]ll closing documents were not given" to them prior to closing. Compl. [DE-1] at p.2. Plaintiffs also allege Security Atlantic Mortgage "failed to provide all the necessary material disclosures as required" under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq Id.* Plaintiffs further allege they paid excessive fees in connection with obtaining the loan,

---

[1] In the caption of the Complaint [DE-1], Plaintiffs name "Bank of America (BAC) Home Loans Servicing, LP" as a defendant.

and that the loan "[c]onstitutes an illegal kickback as defined by 12 U.S.C. § 2607" under the Real Estate Settlement Procedures Act ("RESPA"). *Id.* at pp. 2-3. Plaintiffs also allege they have sent a rescission letter "to the parties involved." *Id.* at p. 3.

Plaintiffs allege that BAC now services the loan, but "[a] minimum of 15 days [notice] [was] not given to the Plaintiff before the transfer as required by Federal Law." *Id.* at p.3. Plaintiffs also allege that BAC has "failed to given an accounting of all payments received when asked." *Id.* at p. 3.

With regard to Defendant MERS, Plaintiffs allege:

> Mortgage Electronic Registration Systems, Inc. Is listed as nominee for the lender. The Trust Deed was not assigned, and the Note was assigned in Blank. MERS does not have standing as Nominee (See Landmark Nat'l Bank v. Kesler 216 P.3D 158 (Sup. Ct. of Kansas 2009) (See Mortgage Electronic Registration Systems, Inc., Appellant, Vs. Southwest Homes of Arkansas 2009 Ark. 152, — S.W. 3d — 2009 WL 723182 Ark., 2009 (Sup. Ct. Arkansas, 2009).

*Id.*

Throughout their allegations, Plaintiffs reference a number of statutes, including the Federal Trade Commission Act ("FTC Act), 15 U.S.C. § 41 *et seq.*,TILA, RESPA, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiffs also cite to a number of exhibits, but none are attached to the Complaint.

Plaintiffs seek judgment against defendants "for Each Violation charged in the complaint," and to permanently enjoin Defendants from violating various federal statutes and regulations "in any where [Plaintiffs] are Concerned." *Id.* at p. 5. Plaintiffs also ask the court to award such relief as it deems necessary "to redress borrower's injury resulting from Violations

2

Case 5:10-cv-00119-F   Document 14   Filed 02/04/11   Page 2 of 12

[of various statutes], including, but not limited to Rescission or Reformation of contract, the refund of monies paid, and disgorgement of ill-gotten gains." *Id.* at pp. 5-6. Finally, Plaintiffs seek damages under the "TILA ACT", punitive damages for harassment, emotional distress and displacement, statutory and equitable damages, special damages of $50,000.00, and "three times the amount set by TILA for violations." *Id.* at pp. 6.[2]

## II. MOTION TO DISMISS

### A. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.' " *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

---

[2] Defendants BAC and MERS also reference a second pleading attached to the Complaint, but assert that pleading does not contain any additional factual allegations. The record before the court does not show any second pleading.

*Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The standard for evaluating sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Nonetheless, a *pro se* plaintiff may not simply present conclusions to the court, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); see also *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted).

## B. Analysis

Defendants BAC and MERS move to dismiss all claims against them, arguing (1) Plaintiffs failed to allege any cause of action against MERS; (2) BAC is not subject to liability for any alleged TILA violations; (3) Plaintiffs failed to allege sufficient facts to state a claim under RESPA, and (4) Plaintiffs failed to make any factual allegations in support of any other possible claims.

### 1. MERS

At the outset, the court concludes that Plaintiffs have failed to state a claim against MERS. In general, Plaintiffs allegations implicate Security Atlantic or BAC, or both, in connection with the closing, servicing, and transfer of the loan and Plaintiffs' attempts to rescind it. There are no factual allegations which give rise to the inference that MERS was in any way

4

involved in any of these transactions.

The sole factual allegations against MERS center on its status as a nominee for the lender, and Plaintiffs' assertion that "MERS does not have standing as Nominee." It is unclear how this states a claim against MERS, and the caselaw cited by Plaintiffs in the Complaint does not shed any light on the matter. Accordingly, any claims against MERS are DISMISSED without prejudice.[3]

**2. TILA**

With regard to any TILA claims, BAC advances two arguments. First, BAC argues it is not a "creditor" within the meaning of TILA. Second, BAC argues the statute of limitations bars any claim under TILA for damages. Because the court agrees with BAC's first argument, it does not reach the statute of limitations argument.

TILA requires creditors to make certain disclosures about loans and associated costs. *See generally*, 15 U.S.C. §§ 1601-1667f. The Homeowners Equity Protection Act ("HOEPA"), a 1994 amendment to TILA, requires creditors making "high-cost" or "high-rate" loans to provide additional disclosures to certain borrowers. 15 U.S.C. §§ 1631-32;1639. The Federal Reserve Board is charged with administering TILA, and has adopted Regulation Z to implement TILA's mandates and directives. *See* 12 C.F.R. § 226.1.

Liability for violations of TILA and HOEPA, however, rests only with "creditors" and their "assignees." *See Harris v. Option One Mortgage Corp.*, 261 F.R.D. 98, 105 (D.S.C. 2009);

---

[3] A court has the discretion to allow a motion to dismiss under Rule 12(b)(6) with or without prejudice. *St. Clair v. Banker Steel Co., LLC*, No. 6:06CV42, 2007 WL 457485, at *3 (W.D. Va. Jan. 5, 2007). Generally, where a defect in the complaint is curable, the court should grant the dismissal without prejudice. *Cloaninger v. McDevitt*, No. 106CV135, 2006 WL 2570586, at *6-9 (W.D.N.C. Sept. 3, 2006).

5

15 U.S.C. § 1635; 15 U.S.C. § 1640; 15 U.S.C. § 1641. Under TILA, a "creditor" is defined as someone who both "(1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required.;" and "(2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f); *see also Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 269-72 (4th Cir. 2008). Regulation Z also defines a "creditor" as "[a] person who regularly extends consumer credit . . . , and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. § 226.2(a)(17)(i)(footnote omitted).

In this case, there are no allegations in the Complaint that give rise to the plausible inference that BAC is a "creditor" within the meaning of TILA or Regulation Z. Plaintiffs allege that BAC now services the loan. This allegation does not give rise to the inference that BAC is "the person to whom the debt arising from the [mortgage loan] is initially payable." *Cetto*, 518 F.3d at 269-73. If anything, the Complaint suggests—but by no means is clear–that Plaintiffs' mortgage loan was initially payable to Security Atlantic.

Nor is there any factual allegation in the Complaint to support the inference that BAC is an assignee of a creditor with respect to Plaintiffs' mortgage loan. Although Plaintiffs allege BAC now services the mortgage loan, a servicer generally is not treated as an assignee under TILA "unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation or purposes of this section unless the servicer is or was the

owner of the obligation). There are no allegations, however that would give rise to the inference that BAC is or was the owner of the obligation.

Without any factual allegations suggesting that either BAC is a creditor or assignee within the meaning of TILA, any claims under TILA against BAC and MERS must be dismissed. This dismissal, however, is without prejudice and Plaintiffs have leave to file within twenty-one (21) days of the filing date of this order an amended complaint correcting the deficiencies noted herein.[4]

### 2. RESPA

BAC also moves to dismiss any purported claims asserted against them under RESPA. .

#### a. 15-day notice requirement

Plaintiffs' Complaint alleges the following: "This loan is now serviced by Bank of America. A minimum of 15 days were not given to the Plaintiff before the transfer as required by Federal Law." Compl. [DE-1] at p. 2.

It is true that "[w]hen the servicing of a 'federally regulated mortgage loan' is transferred, RESPA requires the transferee to notify the borrower of the transfer." *Woody v. Bank of America Corp.*, No. 5:09-CV-398-D, 2010 WL 2332732, at * 3 (E.D.N.C. June 9, 2010)(citing 12.U.S.C. § 2605(c)). Under the plain terms of 12 U.S.C. § 2605(c), a transferee has to give notice to a borrower within 15 days *after* the date of transfer, not 15 days *before* the transfer. *See* § 2605(c)("Each transferee service to whom the servicing of any federally related mortgage loan is

---

[4] Although the court did not reach the statute of limitations argument, for the Plaintiffs' benefit the court observes that generally, a claim for damages must be brought within one year from the date of the occurrence of the violation of TILA. *See* 15 U.S.C. § 1640(e). Pursuant to 15 U.S.C. § 1635(f), the "right to rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."

7

assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer . . . not more than 15 days after the effective date of the transfer of the servicing of the mortgage loan."). Consequently, Plaintiffs' allegations that BAC now services the loan, but that Plaintiffs were not given notice 15 days *before* the transfer, fails to state claim under § 2605(c) against Defendant BAC, and any such claim is DISMISSED. The dismissal is without prejudice for Plaintiffs to file an amended complaint within twenty-one (21) days.

### b. Failure to respond to "Qualified Written Requests"

Plaintiffs allege "Bank of America Home Loans have failed to give an accounting of all payments received when asked (See QWR Exhibit "B")."[5] Compl. [DE-1] at p. 2. The court interprets this as Plaintiffs alleging that BAC failed to respond to Plaintiffs' "qualified written request" as required by 12 U.S.C. § 2605(e). That statute provides, in part, the following:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

§ 2605(e)(1)(A). The statute further requires the loan servicer to provide the borrower with an explanation or clarification within sixty (60) days from the receipt of the qualified written request. § 2605(e)(2). Accordingly, to state a plausible claim for a violation of 12 U.S.C. § 2605(e), a plaintiff must allege facts showing that he or she sent a qualified written request[6] to a

---

[5] There are no actual exhibits attached to the Complaint that it is filed with the court.

[6] RESPA defines a qualified written request as follows:
[A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

8

servicer of a loan, and the servicer failed to respond in the manner and in the time provided for by the statute. Additionally, a plaintiff ordinarily must allege facts showing that he or she has suffered actual damages by the RESPA violation. *See Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006)("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); *Bishop v. Quicken Loans, Inc.*, No. 2:09-01706, 2010 WL 3522128, at *6 (S.D.W.Va. Sept. 8, 2010).

Here, giving the Complaint the liberal interpretation afforded *pro se* litigants, the court will infer that Plaintiffs sent BAC a written request of some kind, even though the "QWR Exhibit" is not attached to the Complaint. Based on Plaintiffs' allegation that BAC "failed to give an accounting of all payments received," the court can also infer–again giving the Complaint the liberal interpretation afforded *pro se* litigants–that BAC failed to respond to Plaintiffs' inquiry in the manner required under RESPA. The court cannot, however, infer that Plaintiffs have suffered actual damages as a result of this alleged RESPA violation from the allegations in the Complaint. Plaintiffs therefore have failed to state a claim under § 2605(e), and any such claim is DISMISSED. The dismissal is without prejudice for Plaintiffs to file an amended complaint within twenty-one (21) days.

### c. Illegal kickbacks

---

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

9

Finally, Plaintiffs allege the mortgage loan "[c]onstitutes an illegal kickback as defined by 12 U.S.C. § 2607." Compl. [DE-1] at p. 3. Section 2607, cited by Plaintiffs, generally is intended to prevent any improper kickbacks for a referral involving business incident to a real estate settlement service. Even if the court could read the Complaint as alleging that Defendant BAC was involved in any improper kickback or referrals associated with the settlement of this mortgage loan–and it cannot—any such claim under § 2607 is time-barred. Plaintiffs allege they closed on this loan in September 2007, but did not file the Complaint in this action until March 23, 2010. Plaintiffs' claim under § 2607 is therefore barred under RESPA's one year statute of limitations, *see* 12 U.S.C. § 2614, and it is therefore DISMISSED with prejudice.

### 4. Remaining claims

As the court already has noted, Plaintiffs reference a number of other federal statutes in the Complaint. Plaintiffs also include a request for punitive damages for harassment, emotional distress and displacement. Plaintiffs fail, however, to make any factual allegations which could give rise to a plausible claim. It is well-settled that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Consequently, to the extent Plaintiffs attempt to state a claim for violations of the FTC Act, ECOA, and FCRA, or for harassment, emotional distress or displacement, such claims are DISMISSED without prejudice.

### III. FAILURE TO MAKE SERVICE

10

The court observes that the caption on the Complaint refers to a third Defendant: "Atlantic Security Mortgage." The body of the Complaint, however, refers repeatedly to "Security Atlantic Mortgage" and alleges "Security Atlantic" failed to make a number of disclosures in connection the Plaintiffs' refinancing loan.

The record shows, however, that no proof of service has been filed with regard to "Security Atlantic Mortgage." Indeed, it does not appear that Plaintiffs even submitted a proposed summons for this Defendant. Rule 4(m) of the Federal Rules of Civil Procedure provides that service must be made on a defendant within 120 days of the filing of a complaint. FED. R. CIV. P. 4(m). If service is not made within that time, a court "must dismiss the action without prejudice against the defendant" or, if a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Accordingly, Plaintiffs are ORDERED to show, within 21 days, good cause for their failure to make service upon "Security Atlantic Mortgage" within 120 days of the filing of the Complaint in this action. **Plaintiffs are warned the failure to respond to this order and/or the failure to demonstrate good cause will result in the dismissal of this action as to Defendant "Security Atlantic Mortgage."**

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Motion to Dismiss [DE-9] is ALLOWED, and all claims against Defendants BAC and MERS are dismissed, with leave for Plaintiffs to file an Amended Complaint within 21 days correcting the deficiencies noted herein.

Furthermore, Plaintiffs are ordered to show, within 21 days, good cause for their failure to

make service upon "Security Atlantic Mortgage" within 120 days of the filing of the Complaint in this action. **Plaintiffs are warned the failure to respond to this order and/or the failure to demonstrate good cause will result in the dismissal of this action as to Defendant "Security Atlantic Mortgage."**

SO ORDERED.　　This the 4th day of February, 2011.

*James C. Fox*
James C. Fox
Senior United States District Judge